UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME BURNS, SR.,<br><br>                Petitioner,<br><br>    v.<br><br>RANDY GROUNDS, Warden,<br><br>                Respondent. | Case No. 13-cv-04122-YGR (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL; DENYING AS MOOT HIS MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT; ADDRESSING HIS REMAINING MOTIONS; AND SETTING BRIEFING SCHEDULE**<br><br>(Dkts. 8, 9, 23, 25) |

      Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      In an Order dated November 26, 2013, the Court found that it did not appear from the face of the petition that it was without merit. Therefore, the Court ordered Respondent to file an Answer showing cause why a writ of habeas corpus should not be issued.

      On January 7 and 13, 2014, Petitioner filed two motions for leave to file an amended petition. Dkt. 8, 9. He alleged that his previously-filed petition "did not present all the exhausted state court claims or arguments and exhibits . . . ." Dkt. 9 at 1. On January 15, 2014, he filed a document entitled, "Petitioner for a Writ of Habeas Corpus," which the Court construes as his amended petition. Dkt 11.

      On January 23, 2014, the Court directed Respondent to file a response to Petitioner's motions for leave to file an amended petition.

      On January 27, 2014, Respondent filed a timely Answer relating to the claims in Petitioner's original petition.

      On March 13, 2014, Petitioner filed a motion to strike the amended petition. Dkt. 18. He

1  also requests for leave to file a second amended petition ("SAP") "within 30 days or by April 10,
2  2014." Dkt. 18 at 1.
3        On March 27, 2014, Respondent, after being granted an extension of time, filed a response
4  to Petitioner's motion for leave to file an amended petition. In his response, Respondent notes that
5  there is currently no pending amended petition before the Court because Petitioner has filed a
6  motion to strike the amended petition. Thus, Respondent requests that Petitioner's motions for
7  leave to file an amended petition be denied.
8        On April 8, 2014, Petitioner filed a document entitled, "Petition for a Writ of Habeas
9  Corpus." Dkt. 21. The Court construes this filing as his SAP.
10       On April 28, 2014, Petitioner filed a motion for appointment of counsel in this action. He
11 notes that he is untrained in the law and that he suffers from mental health issues.
12       Also on April 28, 2014, Petitioner filed a motion entitled, "Motion to Respond to
13 Respondent['s] Claim that Petitioner['s] Request for Leave to Refile Amended Petition Be
14 Denied." Dkt. 23. The Court TERMINATES this motion, and construes it as Petitioner's reply to
15 Respondent's response to the motions for leave to file an amended petition.
16       To date, Petitioner has not filed his Traverse.
17       The Court will address Petitioner's pending motions and set a briefing schedule below.

**DISCUSSION**

**I. MOTION FOR APPOINTMENT OF COUNSEL**

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving

uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

The Court finds that appointment of counsel is not warranted in this case. Petitioner's claims are not especially complex. Petitioner's claims in his original petition were all briefed by counsel on direct appeal and state habeas. In addition, Petitioner has received assistance with the instant federal habeas action from jailhouse lawyers at the prison. This is not an exceptional case that would warrant representation on federal habeas review. Accordingly, the interests of justice do not require appointment of counsel, and Petitioner's request is DENIED. This denial is without prejudice to the Court's *sua sponte* reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

**II.    MOTIONS FOR LEAVE TO FILE AN AMENDED PETITION AND A SAP**

As mentioned above, Petitioner has filed motions for leave to file an amended petition, a motion to strike the amended petition, and a motion for leave to file a SAP. Dkts. 8, 9, 18. The Court GRANTS Petitioner's motion to strike the amended petition and thus DENIES as moot his previously-filed motions for leave to file an amended petition. Dkt. 8, 9.

No later than **twenty-eight (28) days** from the date of this Order, Respondent is directed to file a response to Petitioner's motion for leave to file a SAP. Petitioner may file a reply within **fourteen (14) days** after service of the response.

**III.    OVERDUE TRAVERSE**

The Court notes that the aforementioned briefing schedule does not affect the original briefing schedule from the Court's November 26, 2013 Order. As mentioned above, Respondent's Answer relating to the claims in Petitioner's original petition was filed on January 27, 2014. Petitioner's Traverse is currently overdue. Therefore, Petitioner shall file a Traverse no later than

3

**sixty (60) days** from the date of this Order.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** from the date of this Order.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Petitioner's request for appointment of counsel is DENIED. Dkt. 25.

2. Petitioner's motion entitled, "Motion to Respond to Respondent['s] Claim that Petitioner['s] Request for Leave to Refile Amended Petition Be Denied," dkt. 23, is TERMINATED, and it is construed as Petitioner's reply to Respondent's response to the motions for leave to file an amended petition.

3. The Court GRANTS Petitioner's motion to strike the amended petition.  The Clerk of the Court is directed to strike the amended petition filed on January 15, 2014. Dkt. 11.  The Court DENIES as moot his previously-filed motions for leave to file an amended petition. Dkts. 8, 9.

4. No later than **twenty-eight (28) days** from the date of this Order, Respondent is directed to file a response to Petitioner's motion for leave to file a SAP.  Petitioner may file a reply within **fourteen (14) days** after service of the response.

5. Petitioner shall file a Traverse no later than **sixty (60) days** from the date of this Order.

6. Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

7. This Order terminates Docket Nos. 8, 9, 23 and 25.

**IT IS SO ORDERED.**

Dated: July 10, 2014

_____
YVONNE GONZALEZ ROGERS
United States District Judge

P:\PRO-SE\YGR\CR.13\Burns4122.DenyATTY&addressMOTs.docx