IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEROME BURNS, SR.,

        Petitioner,

  vs.

RANDY GROUNDS, Warden,

        Respondent.

No. C 13-4122 YGR (PR)

**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO FILE SECOND AMENDED PETITION**

    Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising the following claims: (1) trial counsel provided ineffective assistance by introducing a videotaped interview of the victim; (2) the trial court failed to inform Petitioner that he could discharge retained counsel; and (3) the trial court's instruction, CALCRIM No. 318, violated his right to due process.

    In an Order dated November 26, 2013, the Court found that it did not appear from the face of the petition that it was without merit. Therefore, the Court ordered Respondent to file an Answer showing cause why a writ of habeas corpus should not be issued. (Respondent has since filed his Answer, and Petitioner has filed his Traverse.)

    On January 15, 2014, Petitioner filed an amended petition. Dkt. 11. In his amended petition, Petitioner included claims (1) and (3) as well as a new claim that the trial court improperly imposed a $10,000 restitution fine. *Id.* at 6.

    On March 13, 2014, Petitioner filed a document entitled, "Notice of Motion to Strike Amended Petition and Request for Continuance," which the Court construes as his motion for leave to file a second amended petition ("SAP"). Petitioner alleges that his amended petition was "filed in error and incomplete." Dkt. 18 at 1. Petitioner later explained that he had noticed that "one of his original claims was not raised in the amended petition." Dkt. 23 at 1. Specifically, Petitioner claims that he had failed to include claim (2) -- that the trial court failed to inform him that he could discharge retained counsel. *Id.* at 2. Therefore, Petitioner requests leave to file a SAP to include all

four of his claims.

On April 21, 2014, Petitioner filed his proposed SAP, in which he had added the missing claim (2).  Dkt. 21.  While the SAP is 111-pages long and not well-organized because of the multiple attachments, the Court construes the proposed SAP to include the three original claims (1) through (3) and the new claim relating to the trial court improperly imposing a $10,000 restitution fine.

On July 20, 2014, the Court directed Respondent to file a response to Petitioner's motion for leave to file a SAP.

On August 7, 2014, Respondent filed an opposition to Petitioner's motion for leave to file a SAP.  Dkt. 27.  Respondent's reading of the proposed SAP is in line with the Court's reading that Petitioner has only added one new restitution-related claim.  However, Respondent objects to the motion for leave to amend and argues that an "[a]mendment to add this new claim would be futile." *Id.* at 4.  Respondent points out that Petitioner's restitution-related claim is "based on state law only" and thus Petitioner "fails to state a federal claim." *Id.*  Respondent also provided the following background relating to the state court's rejection of this claim, stating:

> In rejecting petitioner's claim, the California Court of Appeal also relied on state law only.  The court found the trial court had exercised informed discretion, and noted an alternative calculation of the statutory formula could have yielded a fine in the amount of $57,600, well in excess of the statutory maximum.  Exh. H lodged in support of Answer filed on 1/27/2014, at 19-21.  "Taken together, the seriousness and gravity of appellant's offenses against the minor victim and his long and extensive criminal history, including prior pimping and attempted pimping convictions, are sufficient to support the $10,000 restitution fine imposed, and did not exceed the bounds of reason." *Id.* at p. 21.

*Id.*

This Court agrees with Respondent's arguments above.  Petitioner's restitution-related claim alleges only a violation of *state law*, and, consequently, is not cognizable in federal habeas corpus proceedings.  A state prisoner can obtain federal habeas corpus relief only if he is held "in violation of the Constitution or laws or treaties of the United States." *Engle v. Isaac*, 456 U.S. 107, 119 (1982).  Federal habeas corpus is not available for attacks on violations of state law or procedure, *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), and is "'unavailable for alleged error in the interpretation or application of state law.'" *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994)

2

(quoting *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985)).

Further, habeas corpus is the appropriate remedy for a state prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). The federal writ of habeas corpus is available only to persons "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). In general, custody is satisfied where the sentence imposed "significantly restrain[s] [a] petitioner's liberty to do those things which in this country free men are entitled to do." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). A monetary fine -- such as Petitioner's restitution fine -- is not a sufficiently significant restraint on liberty to satisfy the custody requirement. *See Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987). Nor does the fact that Petitioner also challenges his custody -- i.e., in claims (1) through (3) -- suffice to confer jurisdiction on this Court to review his restitution claim by way of a federal habeas petition. *See United States v. Thiele*, 314 F.3d 399, 401-02 (9th Cir. 2002) (holding petitioner could not collaterally attack restitution order under section 2255, even where joined with cognizable claims for release from custody).

Accordingly, because Petitioner's restitution-related claim fails to state a cognizable federal claim for relief, the Court DENIES his request for leave to file a SAP to add such a claim. Dkt. 18. The original petition is still the operative petition in this action. Therefore, this matter is now submitted as both the Answer and Traverse have been filed. The Court will resolve the merits of the remaining claims (1) through (3) from the original petition in a separate written Order.

This Order terminates Docket No. 18.

IT IS SO ORDERED.

DATED: November 6, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**